IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-193 |
| ) | |
| CAMERON BASKING ) | |

**OPINION and ORDER ON MOTION TO DISMISS**
**OR FOR BILL OF PARTICULARS**

Presently before the Court is Defendant's "Motion to Dismiss Count 1 of the Indictment, or in the Alternative Motion for Bill of Particulars with Respect to Counts 1 & 2 of the Indictment" (ECF No. 46), and the Government's Response thereto (ECF No. 47). For the reasons that follow, Defendant's' motion will be denied.

**I.  Motion to Dismiss Count 1**

Defendant is charged in Count 1 of the Indictment with conspiracy to distribute and possess with intent to distribute over 400 grams of fentanyl and a quantity of cocaine in violation of 21 U.S.C. § 846, from on or about January 1, 2018 to March 13, 2018. ECF No. 31. Count 1 of the Complaint alleges that Defendant is charged with possession with the intent to distribute a quantity of heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), on or about March 14, 2018. ECF No. 1. Defendant moves to dismiss Count 1 of the Indictment because the Indictment attributes "cocaine" to Defendant, which was not charged in the Complaint, and the controlled substance "heroin," charged in the Complaint is no longer charged.

Defendant has not cited any legal authority to support his argument to dismiss based on the Complaint stating that the controlled substance included heroin, and the Indictment stating that the controlled substance included cocaine. The Affidavit in Support of Criminal

Complaint, states that the affidavit is being submitted "for the limited purpose of supporting probable cause to arrest as stated herein." ECF No. 1-1, at ¶ 3. When the search warrant was executed investigators recovered, among other items, "heroin/fentanyl packaging" and a "black garbage bag containing loose heroin/fentanyl, el[e]ven bricks, one bundle, and one stamp bag of heroin/fentanyl; [and] one knotted bag of heroin/fentanyl." ECF No. 1-1, at ¶¶ 5-6. Thus, while the investigation proceeded upon the assumption that Defendant was involved in illegally selling fentanyl and heroin, the actual controlled substances recovered and charged by the Grand Jury were fentanyl and cocaine.

The type of controlled substance change from heroin/fentanyl in the Complaint to cocaine/fentanyl in the Indictment is not fatal to the charge being brought against the Defendant. The change does not substantially affect Defendant's rights by taking him by surprise and preventing him from presenting a proper defense, or by affording him insufficient protection against re-prosecution for the same offense. *See Munez v. United States*, No. CIV. 09-3860 (JBS), 2010 WL 2925917, at *2 (D.N.J. July 21, 2010) (analogizing a discrepancy between a complaint and indictment, to a variance between facts proved at trial and allegations in indictment). As the District Court in *Munez* stated:

> there is no requirement that an indictment must parrot the charge contained in a previous complaint; indeed, as a grand jury investigates the matter, it may choose to modify, drop or add charges as it sees fit.

*Munez*, 2010 WL 2925917, at *3. "There simply is no obligation for the grand jury to indict a defendant on the original charge, and only the original charge, brought against a defendant by way of criminal complaint." *Rose v. United States*, No. 3:04CR194, 2010 WL 3811915, at *12 (W.D.N.C. Sept. 27, 2010) (petitioner argued that his counsel was ineffective for failing

to challenge discrepancy between complaint charge of unlawful possession of a firearm, and indictment charge of unlawful possession of ammunition). The Court will deny the Motion to Dismiss Count 1.

**II.     Motion for Bill of Particulars as to Counts 1 and 2**

In the alternative, Defendant requests that the Court issue an Order directing the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). Defendant asks that the government provide: the date when Defendant entered the conspiracy; the location where Defendant entered the conspiracy; the acts committed by the Defendant and statements he made, and to whom; and specific details as to names, dates, acts, and locations related to co-defendants and unindicted coconspirators. Defendant also asks that the government provide the names of testifying witnesses, identify the drugs to be introduced at trial, identify all information presented to the Grand Jury, and identify all exculpatory evidence.

A bill of particulars is a "'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'" *United States v. Urban*, 404 F.3d 754, 771-772 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)). "The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir.1972). "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,' will we find that a bill of particulars should have been issued."

*Urban*, 404 F.3d at 771-772 (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989) (citing *Addonizio*, 451 F.2d at 62-63)). In a conspiracy charge, the United States Court of Appeals for the Third Circuit "has held that a defendant is not entitled to a list of uncharged overt acts and uncharged criminal conduct, nor is he entitled to a list of the identities of Government witnesses." *United States v. Cardillo*, No. CRIM.A. 13-121-2 JBS, 2015 WL 3409324, at *5 (D.N.J. May 27, 2015) (citing *United States v. Di Pasquale*, 740 F.2d 1282, 1294 (3d Cir.1984) (other citations omitted). A "request for the 'when, where and how' of any overt acts not alleged in the indictment is "tantamount to a request for 'wholesale discovery of the Government's evidence,' which is not the purpose of a bill of particulars under Fed.R.Crim.P. 7(f)." *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir.1975) (quoting *Addonizio*, 451 F.2d at 64). A "bill of particulars is not a discovery tool by which defendants obtain disclosure of every detail of the theory and preparation of the Government's case." *Cardillo*, 2015 WL 3409324, at *5.

The Indictment in this case is clearly worded and gives the Defendant notice of the essential facts supporting the alleged crimes of conspiracy to possess with intent to distribute over 400 grams of fentanyl and a quantity of cocaine in violation of 21 U.S.C. § 846, asserted in Count 1, and possession with intent to distribute over 40 grams of fentanyl and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C), asserted in Count 2. Moreover, as noted by the government, any confusion concerning the charges can be eliminated by an examination of the discovery materials the government has made available to Defendant. The government has provided Defendant with the FBI surveillance reports regarding the conspiracy, which sets forth the movements of Defendant and other co-

conspirators, and the search warrant affidavit, which lays out the investigation leading to the execution of the search warrants at various locations tied to Defendant. The government notes that the search warrant affidavit includes the dates and times the Defendant was observed by FBI investigators, the locations he traveled to, and the individuals he met with. Additionally, the government has provided FBI reports and inventory logs of the searches connected to Defendant, and lab reports associated with the searches. Finally, the Government has provided Defendant with his own statement, in which he details the dates of the conspiracy, the matter and means in which he participated in the conspiracy, and the other individuals he participated in the conspiracy with.

The indictment is specific, clear, and detailed and the Court finds that the Indictment informs Defendant of the charges against him and permits him to adequately prepare his defense. To the extent that Defendant's request for a Bill of Particulars seeks discovery material, the government has provided extensive materials sufficient to supplement the Indictment to further inform Defendant of the charges against him. The Court will deny Defendant's motion for a bill of particulars.

**ORDER**

AND NOW, this 30th day of September 2019, it is hereby ORDERED that Defendant's "Motion to Dismiss Count 1 of the Indictment, or in the Alternative Motion for Bill of Particulars with Respect to Counts 1 & 2 of the Indictment" is DENIED.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge