# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-193 |
| | ) | |
| CAMERON BASKING | ) | |

### OPINION and ORDER on MOTION TO RETURN PROPERTY and MOTION FOR GRAND JURY TRANSCRIPTS

Presently before the Court are Defendant's Post-Sentencing "Motion to Return Property" (ECF No. 91) and "Motion for Grand Jury Transcripts" (ECF No. 92), and the Government's Response thereto (ECF No. 94).

**I.  Motion to Return Property**

Defendant has filed a motion seeking the return of a Camaro automobile seized during the investigation. Defendant avers that his girlfriend possesses proof of ownership of the Camaro. The government sought, and obtained, criminal forfeiture against Cameron Basking for several items, but the Camaro was not subject to criminal forfeiture. The government represents that the Camaro was administratively forfeited and sold at auction by the FBI. "Property seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture.'" United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004) (quoting United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999)). In such cases, the owner of property seized by the United States may take appropriate action to recover the property pursuant to Federal Rule of Criminal Procedure 41(g).

As the Defendant is not the owner of the Camaro, he lacks standing to request its return to a third party. Accordingly, the Motion for Return of Property (ECF No. 91) is DENIED.

## II.     Motion for Grand Jury Transcripts

Defendant seeks the production of "the grand jury transcripts." ECF No. 92, at 1. Defendant's motion is based upon the contention that the Court denied his attempt to call Lee Niebel at trial. Defendant argues that Mr. Niebel testified before the Grand Jury but not at trial, and Defendant appears to specifically want a transcript of Mr. Niebel's Grand Jury testimony.

"As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989). A defendant may be entitled to review grand jury testimony after a witness "testified on direct examination at trial if their grand jury testimony was related to the subject matter of their trial testimony." United States v. Jackson, 363 F. App'x 159, 161 (3d Cir. 2010) (citing 18 U.S.C. § 3500(e); United States v. Wong, 78 F.3d 73, 83 (2d Cir.1996); and United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir.1972)). In addition, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other condition that it directs - of a grand jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Proc. 6(e)(3)(E)(ii). Finally, [t]o support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest

in secrecy." McDowell, 888 F.2d at 289 (citing, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1957).

Prior to trial, Defense counsel informed the Court that his client had requested "all grand jury transcripts that were produced in this case and he wants those transcripts prior to the start of trial." Tr. Oct. 16, 2019, at 10, ECF No. 82. The government responded that he would check on the existence of such transcripts, and that to "the extent that we have possession of those transcribed ones, we'll turn them right over. To the extent we don't, we'll try to get them transcribed as fast as possible." Id. The Court stated that the trial would not be delayed, "but if [the transcripts] are available, they will be made available. Id. There was no further discussion related to providing the Defendant with, n general, "all grand jury transcripts."

During trial, Defense counsel informed the Court and the government that his client specifically had "raised the prospect of calling Mr. Balish and Mr. Niebel to the stand." Tr., Oct. 17, 2019, at 2, ECF No. 83. Defense counsel placed on the record a proffer regarding his request to call Mr. Niebel, generally claiming that Mr. Niebel filed the original Complaint in this matter, which did not "contain the same specification or characterization of the drugs" or a conspiracy count in the subsequently filed indictment. Id. In addition, Defense counsel noted that Mr. Niebel stated in the Complaint that the Defendant had mentioned fentanyl while talking to another agent. Id. However, Mr. Niebel was not present during the FBI interview of the Defendant, and counsel agreed that there was "a hearsay problem" with calling Mr. Niebel. Id. at 6. Defense counsel stood by the request to call Mr. Niebel at trial, but the Court deferred ruling, noting that Mr. Niebel had not been called by the government.

3

The Court also indicated that "unless there's some change in the offer, the offer seeks to elicit hearsay testimony that would be inadmissible, but we will address that. We're still in the government's case, so it's premature for me to issue a ruling." Id. The government did not call Mr. Niebel, and defense counsel did not renew his request to call Mr. Niebel during his case in chief. Thus, there was no Court ruling denying a request to call Mr. Niebel.

Since Mr. Niebel was not called during the government's case, Defendant is not entitled to the transcript on the basis that he testified on direct examination. Therefore, Defendant must show a particularized need for the transcripts under Federal Rule of Criminal Procedure 6. There is no showing of particularized need in Defendant's motion. Further, based on the above transcript references Defendant's attempts to obtain Grand Jury Transcripts prior to, and during trial, the Court concludes that Defendant has failed to show a particularized need for the Grand Jury Transcripts. Accordingly, Defendant's Motion for Grand Jury Transcripts" (ECF No. 92) is DENIED.

March 23, 2020

BY THE COURT:

Marilyn J. Horan
United States District Judge