IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   **Cr. No. 19-193** |
| | )        **(Civ. No. 22-593)** |
| **CAMERON BASKING** | ) |

## MILLER NOTICE AND ORDER

**TO THE PETITIONER IN THE ABOVE ACTION**:

You have filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, which has been filed at the above referenced docket numbers. You are hereby notified that federal law requires that you include all of your federal constitutional claims challenging a specific conviction and sentence in one habeas corpus petition pursuant to 28 U.S.C. § 2255.

The United States Court of Appeals for the Third Circuit held, in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), that, upon receipt by the United States District Court of a *pro se* petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court "should issue a notice to the petitioner explaining the effect of his pleadings." This Miller notice should advise the petitioner of the following:

**Option 1**. You can have your motion ruled upon as filed.

**Option 2**. If your motion is not styled as a section 2255 motion, this Court can recharacterize your motion as a section 2255 motion and resolve it as such, but in that case, you will lose the ability to file a second and successive petitions absent certification by the Court of Appeals.

**Option 3**. You may withdraw the motion, and file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244.  It is your responsibility to calculate the appropriate one-year statutory period as applied to the facts of your case in making any decision to withdraw your motion.  In other words, if this Court considers and denies your petition as filed and the claims you raise in this petition on the merits, you will not be able to file a second or subsequent petition at a later time challenging the same conviction on other grounds, absent exceptional circumstances and the issuance of a certificate of appealability by the United States Court of Appeals for the Third Circuit.

Because your motion is explicitly captioned "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," **Option 2** does not apply. Therefore, you are hereby directed to consider this Miller Notice, and to make an election between **Option 1** (to have your motion ruled upon as filed) or **Option 3** (withdraw your motion, in which case you may file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244).

Accordingly, AND NOW, this 25th day of April 2022, it is HEREBY ORDERED that petitioner, Cameron Basking, shall file his "Statement of Intent" on or before **June 6, 2022**, setting forth his intention to have his motion ruled upon as filed (and lose his ability to file a second or successive petitions absent certification by the court of appeals), or withdraw his motion, in which case he may file one all-inclusive § 2255 petition ***subject to the statutory period prescribed by AEDPA for section 2255 petitions; namely, one-year from final judgment.***

In the event you do not file a Statement of Intent on or before **June 6, 2022**, this Court will proceed to determination of your motion as filed as a section 2255 motion, with attendant consequences under AEDPA.

   s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:   Cameron Baking
Reg. No. 38932-068
FCI HAZELTON
Federal Correctional Institution
P.O. BOX 5000
BRUCETON MILLS, WV 26525