IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )       Criminal Nos.  19-193<br>)                   (Civil No. 22-593)<br>CAMERON BASKING                 ) | |

### Memorandum Opinion and Order on Motion to Amend § 2255

On April 19, 2022, Petitioner Cameron Basking filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255.  ECF No. 105.  The Court issued a Miller Notice informing Mr. Basking that federal law requires that he include all of his federal constitutional claims in one habeas corpus petition pursuant to 28 U.S.C. § 2255 and gave him the option to have his Petition ruled upon as filed or have it withdrawn and file a separate all-inclusive Petition.  ECF No. 107.  Mr. Basking responded by stating that he would like his Petition ruled upon as filed, however, in the Court's view, he appeared to express confusion as to the option of withdrawing his Petition.  ECF No. 110.  Therefore, the Court issued a second notice to explain in more detail Mr. Basking's options.  ECF No. 110.  Mr. Basking responded by clearly indicating that he wanted his Petition ruled upon as filed.  ECF No. 111.  The government then filed its response to Mr. Basking's Petition.  ECF No. 113.

On September 11, 2022, Mr. Basking filed a request to amend his 2255 Petition.  ECF No. 114.  A 2255 Petition may be amended pursuant to Rule 15 of the Federal Rules of Civil Procedure.  United States v. Thomas, 221 F.3d 430, 435 (3d Cir.2000).  Mr. Basking filed his Motion to Amend after the government filed its response *and* outside of the one-year statutory

period under the Antiterrorism Effective Death Penalty Act.[1]  In such circumstances the request to amend will be denied unless the petitioner's proposed amendment "relates back" to the date of his original pleading.  Hodge v. United States, 554 F.3d 372, 378 (3d Cir.2009); Fed. R. Civ. Proc. 15(c)(1).  "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."  Mayle v. Felix, 545 U.S. 644, 664 (2005).  "[N]ew claims can relate back if they arise from the same conduct, transaction, or occurrence described in a timely filed 2255 motion".  Hodge, 554 F.3d at 378.  The Third Circuit clarified that amendments to 2255 petitions may be permitted "to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief."  Id.

     Mr. Basking requests to amend his 2255 Motion with an ineffectiveness of counsel claim.  Specifically, he argues that he would have taken a favorable plea offer instead of going to trial, but for his counsel's misleading advice.  Mr. Basking may only amend his petition to the extent that he is clarifying or expanding upon the claims already raised in his timely filed Petition.  In his Petition, he raises claims of ineffectiveness of counsel related to trial preparation and trial tactics.  The ineffectiveness of counsel claim with respect to a plea offer rests on a factual background separate from the factual background of trial preparation and trial conduct.  The claim Mr. Basking seeks to add to his Petition is an "entirely new" claim, unrelated to the claims he already raised.  Id.  It does not relate back to the initial Petition and

---

[1] The government calculated that the one-year limitation period began to run on July 29, 2021, which is the date on which Mr. Basking's judgment of conviction became final.  Govt. Resp at 1 n. 1, ECF No. 113.

therefore the request to amend is untimely.  Accordingly, Mr. Basking's request to amend his 2255 Petition (ECF No. 114) is DENIED.

Dated: <u>September 27, 2022</u>              <u>s/*Marilyn J. Horan*</u>
                                                           Marilyn J. Horan
                                                           United States District Court Judge

cc:     Cameron Baking
        Reg. No. 38932-068
        FCI HAZELTON
        Federal Correctional Institution
        P.O. BOX 5000
        BRUCETON MILLS, WV  26525